**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| UNIMEX CORPORATION, | ) | Case No. 20-12535-BFK |
| | ) | |
| Debtor. | ) | |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT
BETWEEN THE TRUSTEE AND WEIWEI JIAN, BUFFER ZONE, LLC AND
GOLD CREEK PROPERTIES, LLC**

COMES NOW, Jolene E. Wee, the Plan Trustee ("Trustee") by counsel, Nelson Mullins Riley & Scarborough LLP and, pursuant to Federal Rule of Bankruptcy Procedure 9019, files this Motion ("Motion") for Approval of Compromise and Settlement between the Trustee and Weiwei Jian, Buffer Zone, LLC and Gold Creek Properties, LLC (collectively, "Jian"),[1] stating to the Court as follows:

1. On November 16, 2020 (the "Petition Date"), the above-captioned debtor, Unimex Corporation ("Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. On November 18, 2020, Jolene Wee was subsequently appointed as subchapter V trustee.

3. By Order entered on April 5, 2021 ("Confirmation Order"), the Court confirmed the Debtor's Amended Plan of Reorganization for Small Business Under Chapter 11 ("Plan").

4. Article 10 of the Plan as amended by the Confirmation Order authorizes the Trustee to pursue certain Avoidance Actions under Chapter 5 of the Bankruptcy Code.

---

[1] Pursuant to Local Bankruptcy Rule 9013-1(g), the Trustee's Motion and Memorandum of Points and Authorities

Dylan G. Trache, Va. Bar No. 45939
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
(202) 689-2800
*Counsel to the Plan Trustee*

5.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6.  The Trustee has alleged that Weiwei Jian received one or more transfers aggregating $458,264.02 in equitable distributions which are avoidable pursuant to 11 U.S.C. §§ 544(b), 548 and 550 as fraudulent transfers and recoverable by the Trustee.

7.  The Trustee has further alleged that certain transfers of crypto were made to and for the benefit of Weiwei Jian which are avoidable pursuant to 11 U.S.C. §§ 548(b) and 550 as fraudulent transfers, and that the crypto transfers continued post-petition without court approval and are which are avoidable pursuant to 11 U.S.C. §§ 549 and 550, all of which amounts recoverable by the Trustee.

8.  By this Motion, the Trustee seeks approval pursuant to Bankruptcy Rule 9019 of the Settlement Agreement (hereinafter defined) between the Trustee and Jian concerning all of the allegations in the complaint and authorizing settlement.

9.  Following the commencement of trial, counsel for the Trustee and counsel for Jian have engaged in settlement negotiations to resolve the allegations in the complaint without further litigation. Jian disputed that the transfers were avoidable. The proposed terms of the settlement were announced on the record on March 1, 2024.

10. Subject to approval by this Court, the parties have agreed to settle their dispute according to the terms announced on the record which are set forth in the Settlement Agreement ("Settlement Agreement") attached hereto as Exhibit "A", which is summarized as follows:

   a.  Jian will pay and the Trustee will accept $237,500.00 in complete satisfaction of the Trustee's claim which will be paid as follows: $100,000.00 shall be paid no later than May 1, 2024 and the remaining

---

have been combined into a single pleading.

      $137,500.00 will paid monthly installments in the amount of $5,729.17 due on the 1st day of the month thereafter for 24 months, commencing on June 1, 2024 and ending on May 1, 2026.

  b.  The Trustee and Jian will provide each other with releases from certain claims as set forth in the Settlement Agreement.

  c.  The settlement is contingent upon Court approval of this motion.

11.  This Court may authorize parties to settle disputes in accordance with Bankruptcy Rule 9019, which provides in pertinent part that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). As a general rule, the law favors settlement agreements between parties. *See In re Frye*, 216 B.R. 166, 172 (Bankr. E.D. Va. 1997) (*citing Richardson v. Richardson*, 10 Va. App. 391, 399 (1990)); *Marandas v. Bishop (In re Sassalos)*, 160 B.R. 646, 653 (D. Or. 1993) (finding that compromises are generally favored in bankruptcy). In order to approve a settlement, the court must look at various factors to determine whether the settlement is in the best interest of the estate and whether it is fair and equitable. *See In re Frye*, 216 B.R. at 174; *accord In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); *see also St. Paul Fire & Marine Ins. Co. v. Vaughn (In re Vaughn)*, 779 F.2d 1003, 1010 (4th Cir. 1985) (approving settlement where it was "in the best interests of the estate as a whole").

12.  A court should approve a settlement unless the settlement falls "below the lowest point in the range of reasonableness." *Austin*, 186 B.R. at 400 (citations omitted). A settlement may be approved even if the court finds it likely that the trustee or debtor would ultimately succeed in the litigation. *Id.* In determining whether a proposed settlement is in the best interest of the estate, the Bankruptcy Court is not to substitute its judgment for that of the movant, nor is it the Court's responsibility to decide the numerous questions of law and fact, but "rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of

3

reasonableness . . . .'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983)(citation omitted); *see also In re Tennol Energy Co.,* 127 B.R. 820 (Bankr. E.D. Tenn. 1991).

13. The Settlement Agreement is in the best interests of the estate and its creditors and should be approved pursuant to Bankruptcy Rule 9019. The parties have completed discovery and were prepared for trial. The Trustee believes that conducting a trial over the transfers alleged in the complaint would be costly relative to the potential for recovery. The Settlement Agreement results in a recovery to the estate of $237,500.00, and eliminates the inherent risks, delays and attorneys' fees and costs associated with litigation.

14. The Trustee believes that the Settlement Agreement falls well within the range of reasonableness given the costs associated with completing the trial over the allegations in the complaint. The Settlement Agreement is in the best interest of the estate and its creditors and should be approved.

WHEREFORE, the Trustee respectfully requests that the Court enter an order approving the Settlement Agreement and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

JOLENE E. WEE, PLAN TRUSTEE

By Counsel

NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2800
Facsimile: (202) 689-2860
dylan.trache@nelsonmullins.com


By:   /s/ Dylan G. Trache
      Dylan G. Trache, Va. Bar No. 45939

*Counsel to the Plan Trustee*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of March, 2024, a copy of the foregoing Motion was delivered by first class mail, postage prepaid, to the parties on the service list[2] and to:

> Maurice B. VerStandig, Esq.
> The VerStandig Law Firm, LLC
> 9812 Falls Roads, #114-160
> Potomac, MD 20854


                                        /s/ Dylan G. Trache
                                        Dylan G. Trache

---

[2] Pursuant to Local Rule 5005-1(C)(8), the attached service list is not to be served on each of the parties, but is attached to the original Certificate of Service filed with the Court.

4856-6578-0145